IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MOHAMED MAHDI ABDULKADIR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-242-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MOHAMED MAHDI ABDULKADIR. For the following reasons, Ground 2 should be DENIED, and Grounds 1 and 3-5 of petitioner's habeas application should be DENIED as time-barred.

I.
STATEMENT OF THE CASE

On December 27, 2005, petitioner was charged by Complaint in Potter County, Texas, with the offense of aggravated sexual assault of a child based on the statement of the victim. *State v. Abdulkadir*, No. 30,431-E [ECF 15-9 at 9]. On March 22, 2006, petitioner was charged by grand jury Indictment in the 251st Judicial District Court of Potter County, Texas, with the same first degree felony offense of aggravated sexual assault of a child in violation of Texas Penal Code § 22.021(a)(2)(B). Specifically, the Indictment alleged that on or about December 14, 2005, petitioner:

[D]id then and there intentionally and knowingly cause the penetration of the sexual

organ of Noorto Noor, a child who was then and there younger than 14 years of age, by the sexual organ of the defendant.

*State v. Abdulkadir*, No. 52,665-C.   [ECF 15-9 at 31].

On April 21, 2006, the Texas Department of Public Safety Crime Laboratory prepared a DNA report indicating a DNA analysis on vaginal swabs from the victim were compared to the known blood from petitioner with the following conclusion:

> The DNA profile obtained from the sperm fraction of the vaginal swab (4b) is consistent with a mixture.   Suspect Abdulkadir cannot be excluded as the contributor of the major component in the profile.   The probability of selecting an unrelated person at random who could be the source of the major component in this DNA profile is approximately 1 in 308.6 sextillion for Caucasians, 1 in 294.8 quintillion for Blacks and 1 in 1.838 septillion for Hispanics.   To a reasonable degree of scientific certainty, suspect Abdulkadir is the source of the major component from the sperm fraction of the vaginal swab (excluding identical twins).

[ECF 15-18 at 6-7].

On September 2, 2008, petitioner pleaded guilty, pursuant to a plea bargain, to the charged offense.   [ECF 15-9 at 46-52].   On that same date, the trial court approved the plea agreement and assessed petitioner's punishment at ten (10) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, entering Judgment reflecting that sentence on September 5, 2008.   [ECF 15-9 at 57-59].   Petitioner did not file a direct appeal of his conviction and sentence.

From March 2012 to July 2014, petitioner attempted to either obtain the results of the DNA testing conducted in his case or to have the biological samples re-tested.   Petitioner's attempts were denied at the state trial court, the intermediate state appellate court, and at the Texas Court of Criminal Appeals on petition for discretionary review,[1] primarily because petitioner's identity was not an issue in the underlying criminal proceeding and because the results of the initial DNA testing were inculpatory, as set forth above.

---

[1] Petitioner was represented by appointed counsel on the appeal of the denial of his pro se motion for DNA testing, as well as on petition for discretionary review.

On June 30, 2014, petitioner filed a *Motion to Withdraw Guilty Plea* with the state trial court, arguing his guilty plea was involuntary due to coercive tactics of trial counsel and the trial court's involvement in the plea bargaining process. On August 29, 2014, petitioner filed a *Motion to Withdraw Guilty Plea, Pursuant to U.S.C. § 2255* with the state trial court. The trial court declined to rule on either motion. [ECF 16-1 at 2-12].

On October 1, 2014, petitioner purportedly placed a state application for habeas corpus relief in the state prison mailing system, such application being received and file-stamped on October 8, 2014. By his state habeas application, petitioner alleged (1) his actual innocence; (2) that the trial court abused its discretion in denying his motions for DNA testing and failing to grant his motions to withdraw his guilty plea; (3) his guilty plea was involuntary; (4) judicial misconduct for the court's alleged involvement in the plea bargaining process; and (5) ineffective assistance of trial counsel for various failures, including counsel's failure to file a notice of appeal as petitioner requested.

On April 21, 2015, the state trial court, pursuant to a remand of the Texas Court of Criminal Appeals, entered Findings of Fact and Conclusions of Law finding the DNA evidence was not exculpatory to petitioner, that trial counsel was deceased and could not respond to petitioner's claims of ineffective assistance of counsel and his file in this case could not be located, and that the court was thus unable to determine or make findings of fact concerning petitioner's allegations of ineffective assistance of counsel. [ECF 15-18 at 4-5]. On June 3, 2015, the Texas Court of Criminal Appeals denied petitioner's application without written order. *In re Abdulkadir,* 82,459-01. [ECF 15-16].

On July 27, 2015, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system. Petitioner's application was received by this Court and file-stamped on August 3, 2015. [ECF 3].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner is actually innocent of the offense of aggravated sexual assault because of the ineffectiveness of his trial counsel;

2. The trial court abused its discretion in failing to hold hearings on and not granting petitioner's 2014 motions to withdraw his guilty plea;

3. Petitioner's guilty plea was involuntary due to the ineffectiveness of his trial counsel, coercion by counsel and judicial misconduct;

4. The trial judge committed judicial misconduct by participating in the plea negotiation process; and

5. Petitioner was denied effective assistance of trial counsel.

## III.
## GROUND TWO:   TRIAL COURT'S FAILURE TO ENTER RULINGS

By his second ground, petitioner appears to argue he is entitled to federal habeas corpus relief because the state trial court abused its discretion by failing to hold a hearing on his June 30, 2014 and August 29, 2014 motions to withdraw his guilty pleas or to enter written rulings on said motions. Specifically, petitioner contends he should be afforded federal habeas corpus relief because the state trial court abused its discretion in "not granting" his motions to withdraw his guilty plea.

"Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (*quoting United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). By this ground, petitioner fails to allege any constitutional error or any violation of his constitutional rights; rather, he simply asserts the state trial court

abused its discretion in failing to grant the relief he requested in his post-judgment motions filed almost six (6) years after his sentence was imposed.

To the extent, if any, petitioner is asserting he is entitled to federal habeas relief because the state trial court committed some state law error by failing to hold a hearing on or enter written rulings granting his motions, petitioner's claim is without merit. Federal relief is not available to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Therefore, to be actionable on federal habeas review, any trial court error must not have been merely an abuse of discretion, but an error so grave that it amounted to a denial of the constitutional right to substantive due process, *i.e.,* that the error made the proceeding fundamentally unfair. *See Lassiter v. Department of Social Servs.,* 452 U.S. 18, 24 (1981). Here, petitioner alleges only an abuse of the state trial court's discretion in failing to rule on or grant his motions; thus, he fails to demonstrate, in any way, error of constitutional magnitude, a denial of his right to due process, or that his post-conviction proceedings were fundamentally unfair.

Moreover, petitioner presented this ground in his state habeas corpus application[2] that was denied without written order – a determination on the merits. This Court can only grant federal habeas relief if the state court's adjudication of the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner has failed to demonstrate the state habeas court's denial of this claim was unreasonable. Ground Two of petitioner's federal habeas application should be DENIED.

---

[2]In its answer to petitioner's claim that the trial court erred and abused its discretion by not granting his motions to withdraw his guilty plea, the State argued petitioner had failed to state a claim that would entitle him to state habeas corpus relief. [ECF 15-19 at 27].

## IV.
## RESPONDENT'S RESPONSIVE PLEADING

On January 27, 2016, respondent filed a Preliminary Response asserting Grounds 1, 3, 4 and 5 above should be dismissed as time barred. In her Preliminary Response, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application. [ECF 16].

Petitioner did not file a reply to respondent's Preliminary Response.

## V.
## ACTUAL INNOCENCE

In Question 26 of his habeas application, petitioner acknowledges his conviction "became final over one year" before filing his federal petition. [ECF 3 at 10]. Petitioner nonetheless argues "the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar [his] petition" stating simply, "My Mandate issued December 16, 2013. I filed my State Habeas Writ in October 2014. It was denied June 3, 2015." Petitioner does not further elaborate why his federal application is not time barred by the limitation period, nor does he argue any exception to the time bar is applicable in his case. In his application, however, petitioner identifies his claim under Ground One as "Actual Innocence" and states the following facts to support his claim:

> The state habeas courts failed to consider the ineffective assistance of counsel claim presented within the actual innocence claim, which actually contributed to the conviction and led to the guilty plea.

Although nowhere in his application or supporting memorandum does petitioner argue actual innocence as a gateway for this Court to consider any time-barred claims, this Court, in an abundance of caution, will liberally consider petitioner's "actual innocence" ground as such.

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404, 113 S.Ct. 853 (1993)). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995*); see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998).

Petitioner does not, in either his application or his supporting memorandum, set out any facts or even argument in support of a claim that he is <u>factually innocent</u> of committing the aggravated sexual assault offense of which he was convicted. Instead, petitioner appears to base his "actual innocence" claim solely on allegations of ineffective assistance of trial counsel and an involuntary guilty plea, as well as the state habeas courts' failure to more fully develop the factual bases of his ineffective assistance of counsel, involuntary plea and judicial misconduct claims. Petitioner does not assert a true claim of actual innocence, much less an exception to a procedural bar based on his actual innocence.

Even if petitioner's pleadings can be construed to assert a true claim of actual innocence, whether as a ground for relief or to establish a gateway for any time-barred claim, petitioner does

not make the necessary showing of actual innocence. Petitioner does not present any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor does he show it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have found petitioner guilty. In fact, petitioner does not assert any new potential defense to the charge or present any new evidence to support his innocence. Petitioner has not sufficiently demonstrated his "actual innocence" of the aggravated sexual assault offense as a gateway or means by which to avoid any time bar. Consequently, petitioner has not overcome any applicable time bar for filing a federal habeas corpus petition.

## VI.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on September 2, 2008. Petitioner did not file a direct appeal of his conviction with the appropriate state appellate court.

2. Petitioner's judgment of conviction became final on **October 2, 2008**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that petitioner could not have discovered such claims, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final. (*See* discussion below).

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **October 2, 2009**, unless statutorily or equitably tolled.

8. Petitioner has not demonstrated he is entitled to statutory tolling of the limitation period. (*See* discussion below). Petitioner has not demonstrated he is entitled to any period of equitable tolling. (*See* discussion below). However, in an abundance of caution, the Court will allow the limitation period to be equitably tolled by no more than one (1) year, making petitioner's federal habeas corpus petition due on or before **October 2, 2010**.

9. Petitioner's state habeas application challenging his conviction and sentence, filed October 1, 2014 when it was purportedly placed in the prison mail system, was filed <u>after</u> the limitation period had expired on October 3, 2010. The 1-year statute of limitations was not statutorily tolled by petitioner's state habeas application.

10. Petitioner's federal habeas corpus application, filed **July 27, 2015** when it was purportedly placed in the prison mailing system, was filed long after the expiration of the statute of limitations and **is time barred**.

11. To the extent petitioner asserts an actual innocence exception to the time bar, he has failed to demonstrate actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence. (*See* discussion above).

For the reasons set forth by respondent in her Preliminary Response [ECF 16] and for the reasons set forth herein, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be denied as time barred.

## VII.
### DISCOVERY OF FACTUAL PREDICATE

Petitioner contends the instant habeas application is timely because he did not and could not have discovered the factual predicate of his claims at the time his conviction became final on October 2, 2008 and, therefore, the statute of limitations did not begin to run until a later date, *i.e.*, the date he actually discovered the basis of his claims. Specifically, petitioner initially argues the "limitations period should not have started to run on his claim of ineffective assistance of counsel in entering the guilty plea until September 2014, when he discovered that his trial counsel failed

to move to with draw his guilty plea and did not perfect an appeal." [ECF 10 at 5]. Petitioner does not indicate, much less establish, what event in September 2014 purportedly led to his discovery that counsel had not moved to withdraw his guilty plea or appeal his conviction. Petitioner filed *pro se* motions to withdraw his guilty plea in both June and August of 2014 and acknowledges he "filed his Motion to Withdraw Guilty Plea shortly after he learned it had never been filed by trial counsel." [ECF 10 at 6]. Consequently, petitioner's assertion that he did not discover counsel's alleged shortcomings until September 2014, a date after he filed his motions to withdraw, lacks credibility and is unsupported by the record. Moreover, petitioner is confusing his purported actual knowledge or discovery of the factual predicate of a claim with the date he could have discovered the existence of the factual predicate. As accurately noted by the Seventh Circuit Court of Appeals, "[T]he time commences when the factual predicate could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner" or "when the prisoner recognizes [the] legal significance [of important facts]." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Petitioner could have discovered no motion to withdraw his guilty plea had been filed and that no appeal of his conviction had been initiated by simple inquiry to the state courts. Petitioner has failed to show he did not or could not, by exercising due or reasonable diligence, discover the factual predicate of this claim. Petitioner's argument that the statute of limitations did not begin to run until September 2014 is without merit.

Petitioner subsequently states, however, that "he did not learn of the factual predicate of the issues he raised in his petition until July of 2014 [the month his second motion for DNA testing was denied], and June 3, 2015 when the [state habeas] petition was denied." [ECF 10 at 6]. Petitioner makes no argument as to why these events should have triggered the beginning of the limitation period and the Court cannot discern a valid argument in support thereof. The Court again notes it is the date on which the factual predicate of a claim could have been discovered

through the exercise of due diligence that starts the running of the limitation period. Petitioner has not demonstrated the statute of limitations should not have begun until July 2014 or June 3, 2015, or that the limitation period should have begun at a date later than when his conviction became final on October 2, 2008.

## VIII.
## STATUTORY AND EQUITABLE TOLLING

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

In his response to a briefing order from this Court, petitioner asserts the post-conviction actions of his trial counsel amounted to "extraordinary circumstances" that warrant equitable

tolling of the limitation period. [ECF 10]. Specifically, petitioner contends that after his September 2, 2008 conviction, he informed trial counsel of his desire to appeal his conviction and to withdraw his guilty plea and that trial counsel advised he would file a notice of appeal on petitioner's behalf. Petitioner avers repeated inquiries to counsel, from January 2009 to July 2010, concerning the appeal and any motion to withdraw went unanswered.[3] Petitioner states his November 2010 inquiry to trial counsel regarding information on state habeas proceedings, and a June 2011 request to return all of his letters so he could file a complaint against counsel, also went unanswered.

The record before the Court contains no evidence of petitioner's written inquiries to defense counsel from January 2009 to June 2011; however, as noted above, the state trial court acknowledged, in its findings of fact, that counsel's file for petitioner could not be located. Even crediting petitioner's assertions that he wrote defense counsel two (2) times after his September 2, 2008 conviction (on January 8, 2009 and March 25, 2009) concerning the status of his appeal and his representation that counsel did not respond to either letter, due diligence would require that petitioner take additional steps to secure his direct appeal rights, as well as his federal habeas corpus rights. Petitioner does not assert that he contacted the state trial or appellate courts to inquire of any appeal on his behalf, nor does he contend he took any other steps to determine the status of any appeal, other than writing the two (2) unanswered letters to defense counsel.

A habeas petitioner is entitled to equitable tolling only if he shows he has been pursuing his rights diligently, and some extraordinary circumstance prevented him from timely filing his federal habeas application. Petitioner has not shown he pursued his rights diligently for the year and 30 days following his conviction, nor has he shown he was prevented from filing a timely federal habeas corpus application challenging his conviction within the year and 30 days following

---

[3]Defense counsel died July 1, 2009.

his conviction. Although not specifically argued, petitioner's status as a native of Somalia who communicated with previous counsel through an interpreter [ECF 15-9 at 25-30] and who was unfamiliar with the state or federal laws or constitutional rights afforded him, did not relieve him of the due diligence requirement, nor did such factors alone warrant equitable tolling of the limitation period. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitation).

Petitioner also appears to allege he is entitled to equitable tolling because trial counsel and his appellate counsel in his proceedings seeking the DNA results or additional testing were ineffective. Specifically, petitioner contends neither counsel advised him of the 1-year limitation period for federal habeas corpus applications, and that the appellate counsel even affirmatively advised that the limitation period did not apply to his proceedings seeking the DNA results and testing. Petitioner argues he would have timely filed a federal habeas application if either counsel had properly informed him of the limitation period for federal habeas relief.

Even if assuming error on the part of trial counsel in failing to advise petitioner immediately after his conviction of the federal habeas limitation period, "mere attorney error or neglect" cannot justify equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002). Furthermore, petitioner has not conclusively demonstrated appellate counsel misadvised him with regard to the proceedings seeking DNA testing. Petitioner has not demonstrated circumstances beyond his control that precluded the filing of a state habeas application to toll the federal limitation period, nor has he demonstrated he pursued his habeas rights diligently by filing a state or federal habeas application. Consequently, petitioner has not demonstrated entitlement to any period of equitable tolling.

As noted above, however, defense counsel died on July 1, 2009, less than one (1) year after

petitioner's conviction and within the limitation period, and no case file for petitioner was found. Therefore, there is no affidavit from defense counsel in the record, and the state trial court was unable to make any findings of fact with regard to counsel's representation of petitioner. Likewise, there is no documentation as to whether petitioner requested counsel file an appeal or a motion to withdraw his guilty plea, whether defense counsel agreed to pursue any such requests, or whether petitioner asserted his actual innocence of the offense. Similarly, there is no documentation as to whether counsel related to petitioner that the state trial judge had made purported statements concerning plea negotiations, or even whether petitioner was advised of the pre-plea inculpatory DNA test results. As defense counsel's file for petitioner was never located, there is also no documentation of petitioner's alleged post-conviction letters to counsel. Therefore, based solely on this unique scenario and limited exclusively to the facts and circumstances of this particular case, the undersigned, in an abundance of caution, has allowed equitable tolling of the limitation period in this case, <u>without finding equitable tolling is warranted or that petitioner is entitled to equitable tolling</u>, from October 2, 2009 to October 2, 2010.

    The statute of limitations is statutorily tolled for "the time during which a properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). Rather than seeking state habeas corpus relief challenging his conviction and sentence, petitioner filed a pleading in March 2012 with the state trial court requesting a copy of his prior DNA test results or new DNA testing. [ECF 15-9 at 76-78]. Petitioner appealed the state trial court's denial of his motion to the intermediate state appellate court and on to the Texas Court of Criminal Appeal. After the conclusion of his appeals in 2013, petitioner filed a subsequent motion for DNA testing. Petitioner contends these proceedings qualified as "other collateral review" to statutorily toll the 1-year limitation period.

    The undersigned initially notes these proceedings were filed <u>after</u> the limitation period had

expired on October 2, 2010 and could not statutorily toll the limitation period. Secondly, the phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005). Here, the judicial proceedings, which sought specific relief by way of a copy of the prior DNA test results or new DNA testing, did not specifically challenge petitioner's final conviction so as to qualify as "other collateral relief" to statutorily toll the limitations period. *Cf. Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (a mandamus petition does not toll the limitation period because it simply seeks an order and does not challenge the judgment pursuant to which the petitioner is incarcerated); *see also Board of Pardons and Paroles ex rel. Keene v. Court of Appeals For the Eighth District*, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995) ("Article 11.07 provides the exclusive means to challenge a final conviction."). Further, in order for statutory tolling to apply, petitioner must show the state-created impediment in fact prevented him from filing a timely federal habeas corpus application. Petitioner has not demonstrated his pursuit of a copy of the pre-guilty plea DNA test results or for new DNA testing in any way prevented him from seeking state or federal habeas relief.

Similarly, petitioner filed his motions to withdraw his guilty plea in June and August 2014, <u>after</u> the limitation period had expired on October 2, 2010. Consequently, even if petitioner's motions to withdraw his guilty plea constituted "other collateral review" for purposes of the statute, *cf. Nara v. Frank*, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"), said motions were filed <u>after</u> the expiration of the limitation period and could not statutorily toll the period.

Lastly, as noted above, petitioner's properly filed state habeas application was filed after the expiration of the limitation period and did not statutorily toll the limitation period. Petitioner is not entitled to any statutory tolling of the limitation period.

## IX.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Preliminary Response filed January 27, 2016 [ECF 16], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MOHAMED MAHDI ABDULKADIR be DENIED.

## X.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation

to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 2, 2018.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See*

28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).